IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ENCIZO,<br><br>           Petitioner,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>           Respondent. | No. CV-F-05-1426 OWW<br>(No. CR-F-03-5237 OWW)<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER RAUL ENCIZO'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Docs. 1 & 182) AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |

     Petitioner Raul Encizo, proceeding *in pro per*, timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

     The United States has filed an opposition to Petitioner's motion.

     Petitioner pleaded guilty pursuant to a written Plea Agreement (Doc. 132). The Plea Agreement provided in pertinent part:

1

     **2. <u>Agreements by the Defendant</u>.**
...

     **(b) The defendant agrees to enter a plea of guilty to the superseding information which charges him with using a communications facility to facilitate a drug-trafficking offense, in violation of Title 21, United States Code, section 843(b). The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the factual basis of this agreement are true and accurate.**

     **(c) The defendant agrees that he will not request a sentence less than 36 months and not request any downward departures or reductions from his offense level which would result in a sentence of less than that amount.**

...

     **(h) The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal his conviction or any sentence (or the manner in which the sentence was determined) which is in accordance with the maximum provided [sic] Title 21, United States Code, Section 841(b)(1)(A) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Section 2241 or 2255.**

    On March 7, 2005, Petitioner was sentenced to a term of 41 months. Petitioner did not file an appeal from his conviction or sentence.

    Petitioner asserts that he is entitled to relief pursuant to

1  Section 2255 due to the ineffective assistance of counsel at
2  sentencing.  Petitioner asserts that counsel was ineffective
3  because (1) Petitioner was entitled to a downward departure in
4  the calculation of his sentence pursuant to *United States v.*
5  *Booker*, 543 U.S. 220 (2005); (2) counsel failed to seek a
6  downward departure for aberrant behavior and minor role in the
7  offense; (3) counsel failed to argue Petitioner's eligibility for
8  the safety valve; and (4) counsel failed to argue that Petitioner
9  was not guilty of violating 18 U.S.C. § 843(b) because no
10 distribution of methamphetamine occurred.

11     A defendant may waive the statutory right to bring a Section
12 2255 motion challenging his conviction or sentence.  The Ninth
13 Circuit holds that a waiver of the right to file a Section 2255
14 motion made pursuant to a negotiated plea agreement is
15 enforceable except with respect to a claim that the waiver or the
16 plea was involuntary or the result of ineffective assistance of
17 counsel.  *Washington v. Lambert*, 422 F.3d 864, 870-871 (9th
18 Cir.2005), *cert. denied*, 547 U.S. 1074 (2006).

19     Petitioner makes no claim or showing that the waiver of the
20 right to bring a Section 2255 motion set forth in his Plea
21 Agreement was involuntary or the result of ineffective assistance
22 of counsel.  Petitioner's waiver is enforceable; Petitioner
23 cannot seek relief pursuant to Section 2255.

24     For the reasons stated:

25     1.  Petitioner Raul Encizo's motion to vacate, set aside or
26 correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

**2.   The Clerk of the Court is directed to enter Judgment for Respondent.**

IT IS SO ORDERED.

**Dated:   April 28, 2008**                              /s/ Oliver W. Wanger
                                                         UNITED STATES DISTRICT JUDGE